IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE TREJO MONTERO, | § | |
| TDCJ-CID NO.1017932, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1818 |
| | § | |
| CAROL G. DAVIS, Judge of the 177th | § | |
| Judicial District Court of Harris County, | § | |
| Texas, | § | |
|     Defendant. | § | |

## OPINION ON DISMISSAL

Pending is plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983, in which plaintiff, a state inmate, claims that State District Judge Carol G. Davis denied him due process by finding that his second state habeas application was successive and recommending a dismissal of the application to the Texas Court of Criminal Appeals on the same ground. (Docket Entry No.11). Plaintiff seeks a declaration that his state habeas application was not successive and an order directing the state courts to allow him to file a state habeas application challenging the deadly weapon finding. (*Id.*).

## BACKGROUND

On December 6, 2000, plaintiff was convicted of aggravated assault in the 177th Judicial District Court of Harris County, Texas in cause number 846183, and sentenced to twenty years confinement in TDCJ-CID. *Montero v. Dretke*, Civil Action No.H-04-2529 (S.D. Tex. July 1, 2005). The conviction was affirmed on direct appeal and a petition for discretionary review was refused. *Montero v. State*, No.14-01-00127-CR (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd). On April 28, 2004, plaintiff's first state

1

habeas application was denied without written order on the findings of the trial court without a hearing.  *Montero*, Civil Action No.H-04-2529.  On March 7, 2007, plaintiff's second state habeas application was dismissed as successive pursuant to section 4 of Article 11.07 of the Texas Code of Criminal Procedure.  Texas Court website.[1]

Plaintiff's first federal petition was dismissed for failure to exhaust state remedies. *Montero v. Cockrell*, No.H-03-1995 (S.D. Tex. June 2, 2003).  Plaintiff's second federal habeas petition was denied on the merits when the Court granted respondent's motion for summary judgment.  *Montero v. Dretke*, Civil Action No.H-04-2529 (S.D. Tex. July 1, 2005).  The Fifth Circuit Court of Appeals denied a certificate of appealability.  *Montero v. Dretke*, No.05-20635 (5th Cir. June 28, 2006).

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA").  Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

---

[1] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2279788.

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

Plaintiff claims that he did not challenge his conviction or the execution of his sentence in his second state habeas application; instead, he challenged a finding that he used or exhibited a deadly weapon during the commission of the offense.[2] (Docket Entry No.11). For this reason, plaintiff argues, his second state habeas application was not successive. (*Id.*). Plaintiff claims that Judge Carol G. Davies, the judge who presided over his criminal trial, found the application to be successive and recommended that it be dismissed.[3] In doing so, plaintiff maintains, Judge Davies denied him due process of law. (*Id.*).

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his or her authority free from any apprehension as to any personal consequences he or she may

---

[2] The Court notes that in its Memorandum and Opinion on Dismissal in Civil Action No. H-04-2529, this Court found plaintiff was procedurally barred from litigating his sufficiency challenge to a deadly weapon finding because the state courts had held that he had not raised the issue on direct appeal and therefore, was procedurally barred from seeking state habeas relief on the same issue. *Montero*, Civil Action No.H-04-2529.

[3] The Court notes that Judge Davies retired from the 177th Judicial District Court on December 31, 2004. *See* www.co.montgomery.tx.us/dcourts/2ndadmin/DAVIES.pdf

face.  *Mireles v. Waco,* 502 U.S. 9, 10 (1991).  Judges, both federal and state, enjoy absolute judicial immunity from damages for judicial acts performed in judicial proceedings before them.  *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction." *Id.* at 356-57.

In determining whether Judge Davies's actions were within Davies's jurisdiction and judicial in nature, this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir. 1972).  In this case, plaintiff filed a state habeas application challenging a deadly weapon finding.  (Docket Entry No.11).  Judge Davies acted on the application in Davies's role as a state judge, sitting in a habeas court.  Davies's actions were well within Davies's jurisdictional powers in addressing plaintiff's claim in the state habeas application.  Judge Davies, therefore, enjoys absolute judicial immunity from suit seeking monetary relief.

Although monetary relief may not be had against Judge Davies, declaratory relief remains available under §1983.  However, in this instance, plaintiff has not stated a viable claim for declaratory relief against Judge Davies.  "Before a federal court may issue a declaratory judgment, the Federal Declaratory Judgement Act, 28 U.S.C. §2201, requires that there be 'a substantial controversy between parties having adverse legal interests."

4

*Johnson v. Onion,* 761 F.2d 224, 225 (5th Cir. 1985) (citation and footnote omitted).  In this case, the Texas Court of Criminal Appeals, and not Judge Davies, dismissed the state habeas application as successive.  Accordingly, there is no actual ongoing controversy between plaintiff and Judge Davies with respect to this matter.  For this reason, plaintiff may obtain no relief against Judge Davies under 42 U.S.C. § 1983, and the Court will dismiss plaintiff's complaint.

To the extent that plaintiff seeks federal habeas review of his deadly weapon finding, his claim regarding an alleged error in dismissing his second state habeas as successive does not constitute a ground for relief in federal court.  Errors in state post-conviction proceedings do not entitle a petitioner to federal habeas relief.  *Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999).

Furthermore, to the extent that plaintiff did not raise this deadly weapon claim in *Montero v. Dretke*, Civil Action No.H-04-2529 (S.D. Tex. July 1, 2005), this Court is precluded from reviewing such claim in habeas without express authorization from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C.§ 2244(b)(3).

## CONCLUSION

Based on the foregoing, the Court DENIES plaintiff's claims against Judge Davies, and plaintiff's request for declaratory relief and an order directing the state courts to allow him to file a state habeas application challenging the deadly weapon finding.  This action is DISMISSED with prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box

13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 7th day of September, 2007.

_____
Melinda Harmon
United States District Judge